MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JEFFREY OESTERICHER
Assistant United States Attorney
86 Chambers Street, 5th Floor
New York, New York 10007
Tel: (212) 637-2698
Fax: (212) 637-2730



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALLSTATE INSURANCE COMPANY          :
a/s/o RUBEN ROJAS,                  :        ECF CASE
                                    :
                Plaintiff,          :        No. 07 Civ. 2924 (SAS)
                                    :
        v.                          :        STIPULATION AND ORDER OF
                                    :        <u>SETTLEMENT AND DISMISSAL</u>
JAMAL A. HORRY and DEPARTMENT OF    :
STATE OF THE UNITED STATES OF AMERICA,:
                                    :
                Defendants.         :
------------------------------------------------------------x

WHEREAS plaintiff commenced this suit under the Federal Tort Claims Act ("FTCA") against defendants Jamal A. Horry and the Department of the State of the United States of America (the "State Department") to recover damages to a motor vehicle owned by subrogor Ruben Rojas;

WHEREAS defendants Jamal A. Horry, an employee of the State Department, and the State Department are not proper defendants under the FTCA, and the United States of America is the only proper defendant to this suit. <u>See</u> 28 U.S.C. §§ 1346(b), 2679(a), (b)(1), (d)(1); and

WHEREAS in order to avoid the delay, uncertainty, inconvenience and expense of protracted litigation of these claims, the parties reach a full and final settlement as set forth below.

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Allstate Insurance Company a/s/o Ruben Rojas ("Plaintiff") and Defendant United States of America (the "United States") that the above-captioned action ("Action") shall be resolved as follows:

1. Defendants Jamal A. Horry and the State Department are hereby dismissed from the Action with prejudice, and the United States is substituted as defendant.

2. The United States will pay to Plaintiff $3,026.73 (the "Settlement Amount") by check payable to Jeffrey H. Ward, Esquire, Plaintiff's attorney, which sum shall be in full settlement of any and all claims for property damage, personal injury, or any other damages that Plaintiff, and its subrogor, Ruben Rojas, now has or may hereafter acquire against the United States, including any department, agency, agent, officer, or employee thereof, including but not limited to the State Department and its agents, officers, and employees (collectively, the "Government"), on account of the alleged events, circumstances, or incidents giving rise to the Action herein.

3. The Action is hereby dismissed with prejudice and without costs.

4. This agreement shall not constitute an admission of liability or fault on the part of the Government or Plaintiff.

5. Plaintiff and its subrogor, Ruben Rojas, stipulate and agree to accept payment of the consideration set forth in paragraph 2 in full settlement and satisfaction of any and all claims and demands for property damage, personal injury, or any other damages which they and their heirs, executors, successors in interest, administrators, or assigns may have or hereafter acquire against the Government, on account of the events, circumstances, or incidents giving rise to this Action and claims incident thereto. Plaintiff and its subrogor, Ruben Rojas, release and forever discharge the Government from any and all claims and liability for property damage, personal

injury, or any other damages arising directly or indirectly from the events, circumstances, or incidents giving rise to or referred to in the Action.

6. Payment of the Settlement Amount set forth in paragraph 2 of this Stipulation shall be made only after execution by the parties and entry by the Court of this Stipulation.

7. Settlement of this action is to be without interest, costs, or disbursements and inclusive of attorney's fees in accordance with 28 U.S.C. § 2678, and all liens and fees are to be satisfied out of the Settlement Amount.

8. Plaintiff and its subrogor, Ruben Rojas, will indemnify and hold harmless the Government from any and all claims arising from the assignment of claims and liens upon the Settlement Amount and this Stipulation and Order shall constitute a written agreement to that effect.

9. Plaintiff and its subrogor, Ruben Rojas, understand and agree that the Settlement Amount will be allocated between Plaintiff and its subrogor Ruben Rojas by Plaintiff's attorney Jeffrey H. Ward, and Plaintiff and its subrogor, Ruben Rojas, expressly agree to indemnify and hold harmless the Government from any and all claims they may have now or in the future concerning the allocation of the Settlement Amount between them.

10. Plaintiff and its subrogor, Ruben Rojas, and the United States understand and agree that this agreement contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

Dated: Hazlet, New Jersey
~~August~~ ~~July~~ 7, 2007

By:

JEFFREY H. WARD, ESQ.
*Attorney for Plaintiff*

JEFFREY H. WARD, ESQ.
2 Village Court
Hazlet, NJ 07730
Tel.: (732) 888-2003
Fax: (212) 244-4480

By:

RUBEN ROJAS
Subrogor

RUBEN ROJAS   Jeffward, ESA on behalf of subrogor

Dated: New York, New York
~~July~~ September 17, 2007

By:

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
*Attorney for United States of America*

JEFFREY OESTERICHER (JO-8935)
Assistant United States Attorney
86 Chambers Street, 5th Floor
New York, New York 10007
Tel.: 212-637-2698
Fax: 212-637-2730

SO ORDERED:

SHIRA A. SCHEINDLIN
United States District Judge

9/18/07
Date

4